IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CAROLINE DULFER, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. A-11-CA-911-LY |
| | § | |
| SETON HEALTHCARE, INC., | § | |
|     Defendant. | § | |

### DEFENDANT'S MOTION TO DISMISS
### FOR LACK OF SUBJECT MATTER JURISDICTION

Defendant Seton Healthcare, Inc. ("Defendant" or "Seton"), pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, files its Motion to Dismiss for Lack of Subject Matter Jurisdiction, and respectfully requests that the Court dismiss this action because the evidence shows that Plaintiff cannot meet her burden to prove diversity jurisdiction.

### INTRODUCTION

Caroline Dulfer ("Plaintiff" or "Dulfer") filed this cause of action alleging whistleblower claims under Texas law against her former employer, Seton. In her Complaint, Plaintiff alleged that the Court has subject matter jurisdiction over the suit, which involves no federal claims, because complete diversity exists between the parties. However, the evidence has revealed that at the time she filed her suit, Plaintiff's domicile remained in Texas, and had not changed to Tennessee, the state she pled to be her domicile. Because Seton is a Texas corporation, and Plaintiff was a Texas citizen at the time she filed her suit, complete diversity did not exist when this lawsuit was filed, and therefore this case must be dismissed.

### EVIDENCE

The following evidence is submitted in support of this motion:

- Exhibit A: Excerpts from temporary Tennessee employment records ("Tenn. Emt. Recs.").[1]

- Exhibit B: Excerpts from the Deposition of Plaintiff Caroline Dulfer ("Dulfer Dep.").

- Exhibit C: Excerpts from Plaintiff's Answers to Defendant's Interrogatories ("Pl. Interrog.").

## ARGUMENT

The Court should dismiss Plaintiff's lawsuit pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The absence of subject matter jurisdiction may be raised at any time during pendency of the case by any party or by the Court, *sua sponte*. *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). A party cannot waive the defense of lack of subject matter jurisdiction, and cannot be estopped from raising it. *Id*. A Court is required to dismiss a case whenever it discovers it lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). In this case, Plaintiff bears the burden of proving that jurisdiction exists. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011) ("The party asserting jurisdiction bears the burden of proof for a 12(b)(1) motion to dismiss."). "A trial court may find that subject matter jurisdiction is lacking based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Sebelius*, 635 F.3d at 762. In this case, the Court will be required to look at the evidence submitted simultaneously with this motion, and that evidence establishes that subject matter jurisdiction is lacking.

**A.    Diversity jurisdiction requires complete diversity of parties.**

A federal district court has subject matter jurisdiction in cases where the amount in controversy exceeds $75,000, and the civil action is "between citizens of different states." 28

---

[1] Plaintiff has designated the records from her previous and subsequent employers "Confidential" or "Attorneys' Eyes Only" pursuant to the Protective Order in this case, and therefore Defendant is filing a sealing motion along with this

U.S.C.A. § 1332(a)(1).  The Supreme Court has interpreted this provision of the statute to mean that "complete diversity" is required, which means "'that all persons on one side of the controversy be citizens of different states than all persons on the other side.'"  *McLaughlin v. Mississippi Power Co.,* 376 F.3d 344, 353 (5th Cir.2004) (internal quote omitted).  For a court to have diversity jurisdiction, complete diversity must exist at the time the lawsuit is filed.  *Coury,* 85 F.3d at 248-49.   It is undisputed that Defendant Seton is a citizen of Texas.  Therefore, complete diversity cannot exist if Plaintiff, at the time she filed this lawsuit, was a citizen of Texas as well.

A natural person, like Plaintiff, is a citizen of the state in which she is domiciled; a "party's residence in a state alone does not establish domicile."  *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 798 (5th Cir. 2007).  Instead, "[d]omicile requires residence in the state and an intent to remain in the state." *Id*.  A change in domicile is established when a party can show she is physically present in the new location with an intent to remain there permanently.  *Coury*, 85 F.3d at 249.  To be clear, "mere presence in a new location does not effect a change of domicile; it must be accompanied with the requisite intent." *Id*.  "In most cases, the difficult issue is not presence but whether the intent to change domicile can be shown." *Id*.

Courts ascertain a party's intent to change domicile by evaluating several factors, including where the party:

- Exercises civil and political rights, like registering to vote:
- Pays taxes;
- Owns real and personal property;
- Has her driver's license or other licenses;
- Maintains bank accounts;
- Belongs to clubs and churches;
- Has places of business or employment; and
- Maintains a home for her family.

---

Motion to Dismiss, asking that this exhibit be filed under seal, in accordance with Local Rule CV-5.2 and the requirements of the Protective Order.

*Id.* No one factor is determinative, and the Court should examine any evidence that "[sheds] light on the litigant's intention to establish domicile." *Id.* Notably, the party's statement of intent to change domicile should be afforded little weight if it conflicts with "objective facts." *Id.*

**B.     The objective facts establish that Plaintiff had not changed her domicile from Texas to Tennessee at the time the lawsuit was filed.**

The objective facts establish that as of October 21, 2011, the date this lawsuit was filed, Plaintiff remained a domiciliary of Texas and had not changed her domicile to Tennessee. Specifically, the evidence reveals that:

- Approximately one month before she filed this lawsuit, on September 15, 2011, Plaintiff, a registered nurse, submitted an employment application to a temporary staffing agency, on which she indicated that she had an active Texas nursing license and that her current and *permanent* address was in Texas.  Tenn. Emt. Recs., at 36.  Over the course of her career, Plaintiff has primarily worked as a "PRN" or temporary nurse, accepting temporary nursing assignments in multiple cities and states.  Pl. Interrog. Answ. 5; Tenn. Emt. Recs., at 38-40.

- On September 20, 2011, Plaintiff completed a "Declaration of Residency" regarding her nursing license, on which she declared that Texas was her "Declared State of Permanent Residency."  Tenn. Emt. Recs., at 51.

- On September 22, 2011, Plaintiff entered a Contract for Legal Services with Robert Notzon, on which she indicated that her address was Texas. Dulfer Dep. 22:19-25, 24:2-15 & Ex. 2.

- Through the temporary agency that she applied to in September, Plaintiff was placed at a Tennessee hospital for a 13-week temporary nursing assignment, which was scheduled to last from September 26, 2011 through December 24, 2011.  Tenn. Emt. Recs., at 26. The records indicate that at the time of her assignment to the Tennessee hospital, the permanent address at which she resided was in Marble Falls, Texas.  Tenn. Emt. Recs., at 44.

- When she moved to Tennessee in September 2011, Plaintiff retained her home in Texas, which she has owned since 1995 and continuously used as a "home base" over the past 17 years while she has taken temporary nursing assignments in various locations.  Plaintiff currently pays property taxes on this home, and has since 1995.  As of the date of filing of this Motion, Plaintiff still owns this home.  Dulfer Dep. 10:2-9; 18:20-24; 33:21-23. The public tax record reflecting this information is available at the Burnet County Appraisal District's website.2

- As of October 21, 2011, Plaintiff maintained only a Texas nursing license.  Plaintiff never took any steps to change her nursing license to a Tennessee license; Plaintiff was working in

---

2 The link for Plaintiff's property is https://propaccess.trueautomation.com/clientdb/Property.aspx?prop_id=44984

Tennessee on a Texas compact license based on her permanent residence being in Texas. Dulfer Dep. 52:4-21.  *See also* Tenn. Emt. Recs., at 52-53.

- As of October 21, 2011, Plaintiff maintained a Texas driver's license, a license that she had since 1981.  Dulfer Dep. 44:9-44:23.  Plaintiff maintained her Texas driver's license at all times while working the temporary nursing contract in Tennessee.  Dulfer Dep. 45:15-17.

- As of October 21, 2011, Plaintiff's car was registered in Texas.  Plaintiff never took any steps to register her car in Tennessee. Dulfer Dep. 50:7-16.

- As of October 21, 2011, Plaintiff was registered to vote in Texas, and that was the only state she registered to vote in between 1993 and October 21, 2011.  Plaintiff did not register to vote in Tennessee.   Dulfer Dep. 47:6-13.

- While working the temporary nursing contract in Tennessee, Plaintiff continued to have all bills and account statements sent to Texas, including a credit card statement, car loan, pharmacy statements, and bills from medical providers (even those she visited in Tennessee).  Plaintiff never indicated to any of these parties that she had moved from Texas or requested that they update their records to reflect a new Tennessee address, or had her mail forwarded to Tennessee. Dulfer Dep. 26:4-27:4 (medical statements); 27:19-29:12 (pharmacy receipts); 30:13-32:25, 33:6-33:11 (Lowes statements); 37:8-38:1 (never forwarded mail to Tennessee or changed address on account); 38:17-40:4 (car loan statements).

- During the two months that Plaintiff worked in Tennessee on the temporary nursing contract assignment, she lived in a house for the first month of her assignment for which she had signed only a one-month lease.  The next month she lived in a hotel.  Dulfer Dep. 19:9-20:3; 21:7-22:13.

- Plaintiff returned to her Texas home in November, 2011, after spending less than two months in Tennessee.  She never worked in Tennessee after November 2011.  Dulfer Dep. 56:18-22, 79:13-23, 80:14-19.

- After a two-month gap in employment, Plaintiff then took another temporary (2 month) nursing contract position in San Antonio, Texas, that started in January 2012.  Dulfer Dep. 80:20-24, Pl. Rogs., Resp. to Rog #5.

In sum, all of the evidence points to an intent to work a short-term contract assignment in Tennessee, and not to establish a new domicile there from her long-time domicile in Texas. Furthermore, Plaintiff cannot meet her burden to prove jurisdiction exists by making self-serving statements that she intended to remain in Tennessee when she moved there, because the Fifth Circuit has said that such statements should be afforded very little weight in situations such as these, where the objective evidence proves the contrary.  *See Coury*, 85 F.3d at 249.  Because the evidence

establishes that both Seton and Plaintiff were Texas citizens at the time the lawsuit was filed, the Court does not have subject matter jurisdiction over this lawsuit.

## CONCLUSION

Because Plaintiff cannot sustain her burden to prove the existence of subject matter jurisdiction, and because the evidence establishes that complete diversity did not exist at the time Plaintiff filed this lawsuit, Defendant respectfully requests that the Court dismiss this lawsuit pursuant to Rule 12(b)(1) and Rule 12(h)(3), and grant Defendant any additional relief to which it may be justly entitled.

Respectfully submitted,

**CORNELL SMITH & MIERL, LLP**
1607 West Avenue
Austin, Texas 78701
Telephone:   (512) 328-1540
Telecopy:    (512) 328-1541

Edward M. "Ted" Smith
State Bar No. 00791682
Elizabeth "Betsy" S. Chestney
State Bar No. 24038103


By:   /s/ Elizabeth S. Chestney
          Elizabeth S. Chestney

**ATTORNEYS FOR DEFENDANT
SETON HEALTHCARE**

## **CERTIFICATE OF SERVICE**

I hereby certify that September 12, 2012, I electronically filed a true and correct copy of this document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    Robert Notzon
    The Law office of Robert Notzon
    1502 West Ave
    Austin, Texas  78701
    (512) 474-7563 Telephone
    (512) 852-4788 Facsimile

                                                /s/ Elizabeth S. Chestney
                                                Elizabeth S. Chestney

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **CAROLINE DULFER,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. A-11-CA-911-LY** |
| | § | |
| **SETON HEALTHCARE, INC.,** | § | |
| **Defendant.** | § | |

## ORDER

BEFORE THE COURT is Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction. Having considered the motion, the other pleadings in this case, the evidence regarding jurisdiction, and the relevant law, the Court hereby determines that Defendant's motion should be granted. Therefore,

IT IS ORDERED that Defendant's Motion to Dismiss for Lack of Subject Matter [#___] is GRANTED.

SIGNED this _____ day of _____, 2012.

_____
UNITED STATES DISTRICT JUDGE