**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **CAROLINE DULFER** | § | |
| | § | |
| **v.** | § | **A-11-CV-911-LY** |
| | § | |
| **SETON HEALTHCARE, INC.** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are: Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, filed on September 12, 2012 (Clerk's Docket No. 15); Plaintiff's Response to Motion to Dismiss, filed on October 10, 2012 (Clerk's Docket No. 21); and Defendant's Reply Brief, filed on October 16, 2012 (Clerk's Docket No. 24). The District Court referred the above-Motion to the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72 and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, as amended.

## I.  GENERAL BACKGROUND

On October 21, 2011, Plaintiff Caroline Dulfer ("Plaintiff") filed this lawsuit against her former employer Seton Healthcare, Inc. ("Defendant') alleging whistleblower claims under the Texas Health & Safety Code, § 161.131 *et seq*., and the Texas Occupation Code, § 301.001 *et seq*. Plaintiff, a registered nurse, alleges that she was retaliated against after she reported alleged misconduct by other Seton employees. In September 2011, after Plaintiff alleges that Defendant constructively discharged her, Plaintiff submitted an employment application to a temporary staffing agency which placed her in a 13-week temporary nursing assignment in Tennessee. One month after moving to

Tennessee, Plaintiff filed this lawsuit in federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332, claiming to be a Tennessee resident.

On September 12, 2012, Defendant filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that at the time Plaintiff filed this lawsuit, complete diversity did not exist between the parties. Defendant, a Texas resident, argues that Plaintiff cannot meet her burden to prove diversity jurisdiction since at the time she filed this lawsuit her domicile remained in Texas.

## II.  STANDARD OF REVIEW

A motion under Rule 12(b)(1) should be granted only if it appears beyond doubt that the plaintiff cannot prove a plausible set of facts in support of its claim. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007)). The Court may find a plausible set of facts by considering: "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Lane*, 529 F.3d at 557 (quoting *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The Court will accept all well-pleaded allegations in the complaint as true, and construe those allegations in the light most favorable to Plaintiff. *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). The party asserting jurisdiction bears the burden of proof for a 12(b)(1) motion to dismiss. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *CleanCOALition v. TXU Power*, 536 F.3d 469, 473 (5th Cir.) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)), *cert. denied*, 555 U.S. 1049 (2008).

### III.  ANALYSIS

The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332(a)(3), gives federal district courts original jurisdiction of all civil actions "between. . .citizens of different States" where the amount in controversy exceeds $75,000.  Plaintiff, claiming to be a Tennessee citizen, has invoked this court's jurisdiction under § 1332(a)(3) to file this lawsuit against Seton Healthcare, Inc., a Texas corporation. Diversity of citizenship must exist at the time the action is commenced. *Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 830 (1989).  Where subject matter jurisdiction is challenged, the burden rests on the party asserting jurisdiction to show by a preponderance of the evidence that he was the a citizen of that state."  *Preston v. Tenet Healthsystem Memorial Medical Center, Inc.*, 485 F.3d 793, 798 (5th Cir. 2007).  Thus, Plaintiff has the burden of establishing that she was a citizen of Tennessee at the time she filed this lawsuit.

"In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship."  *Preston*, 485 F.3d at 797.  Domicile requires the demonstration of (1) residence in a state, and (2) the intention to remain in that state indefinitely.  *Id.* at 798.  Thus, residence alone does not establish domicile.  *Id.*  See also, *Coury v. Prot*, 85 F.3d 244, 250 (5th Cir. 1996) ("[M]ere presence in a new location does effect a change of domicile; it must be accompanied with the requisite intent"); *Combee v. Shell Oil Co.*, 615 F.2d 698, 700 (5th Cir.1980) ("For purposes of diversity jurisdiction, the domicile of the parties, as opposed to their residence, is the key").  A person's domicile persists until a new domicile is acquired or the prior domicile is clearly abandoned.  *Coury,* 85 F.3d at 250.

In determining a party's domicile, the Court must address a variety of factors including the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has drivers and other licenses, maintains bank accounts, belongs to clubs and churches, has

places of business or employment, and maintains a home for his family.  *Id.* at 251.  While a party's statement of intent is relevant to the determination of domicile, it is entitled to little weight if it conflicts with the objective facts.  *Id.*

In the present case, all of the objective facts before the Court indicate that Plaintiff's domicile was Texas when she filed this lawsuit, not Tennessee.  Before Plaintiff moved to Tennessee to begin her 13-week temporary nursing assignment, Plaintiff's domicile for over 30 years was Texas.  The only connection Plaintiff had to Tennessee at the time she filed this suit was the fact that she was working there on a 13-week temporary work assignment.  Other than her subjective allegations that she intended to remain in Tennessee, the evidence shows that Plaintiff's domicile remained in Texas despite her temporary work assignment.  At the time Plaintiff filed this lawsuit, Plaintiff (1) retained her home in Texas which she has owned since 1995 and continues to pay property taxes,[1] (2) maintained a Texas driving license and registered her car in Texas and made no attempt to change it to Tennessee,[2] (3) maintained a Texas nursing license and made no attempt to obtain a Tennessee license,[3] and (4) was registered to vote in Texas and did not attempt to change her registration.[4]  In addition, Plaintiff has verified on several applications and forms that her permanent address is Texas, not Tennessee.  For example, on September 15, 2011, one month before filing this lawsuit, Plaintiff stated on her employment application with the temporary employment agency that her permanent address was in Texas.  Exh. A to Defendant's Motion to Dismiss at p. 11.  Similarly, on September

---

[1]Dulfer Dep. at p. 10, Exh. B to Defendant's Motion to Dismiss

[2]Dulfer Dep. at p. 44-45, 50.

[3]Dulfer Dep. at p. 52.

[4]Dulfer Dep. at p. 47.

4

20, 2011, Plaintiff completed a "Declaration of Residency" regarding her nursing license, on which she declared that Texas was her declared state of permanent residency. Exh. A. to Defendant's Motion to Dismiss at p. 19. After she began working in Tennessee, Plaintiff also indicated that her permanent address was in Texas. Exh. A to Defendant's Motion to Dismiss at p. 19. During her two month period in Tennessee, Plaintiff continued to have all of her mail and correspondence sent to her home in Texas. Exh. A to Defendant's Motion to Dismiss at p. 18. Plaintiff did not seek to buy a home in Tennessee and rented a house and an apartment during the two months she lived in Tennessee. Dulfer Dep. at p. 22. In November 2011, Plaintiff left Tennessee and has not returned there. Plaintiff's Response at p. 5. Plaintiff returned to Texas in January 2012, to accept a temporary nursing assignment in San Antonio, Texas. Plaintiff's Response at p.5.

Based upon the overwhelming evidence listed above, the Court finds that Plaintiff has not maintained her burden of proof to show that her domicile was Tennessee at the time she filed this lawsuit. *See Casiano Commc'n, Inc. v. Velazquez Pinol*, 738 F.Supp.2d 301, 304-306 (D. P. R. 2010) (holding that although plaintiff worked temporarily in New York, domicile was in Puerto Rico where plaintiff lived the majority of his life, was registered to vote there, had a driver's license there and ultimately returned there after his temporary work assignment). Despite her allegations to the contrary, it is clear that Plaintiff was merely living in Tennessee temporarily while she completed her 13-week job assignment. However, "a temporary absence from an established domicile does not amount to a change in domicile as long as the individual intents to return." *Edwards v. Regal Petroleum, L.L.C.,* 2009 WL 661374 (E.D. Okla. March 9, 2009). When jurisdiction has been challenged, a mere allegation of citizenship is insufficient to prove jurisdiction. *Guerrero v. State Farm Mut. Auto. Ins. Co.*, 1999 WL 346977 at * 2 (5th Cir. May 20, 1999). Thus, Plaintiff's own allegations of citizenship are insufficient on their own to prove diversity in this case. Accordingly,

Plaintiff has failed to show by a preponderance of the evidence that Tennessee was her domicile at the time she filed this suit.  Accordingly, Plaintiff has failed to establish diversity jurisdiction and the Court will recommend that Defendant's Motion to Dismiss is granted and that the instant action is dismissed for lack of subject matter jurisdiction.

## IV.  RECOMMENDATION

Based upon the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT** Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Clerk's Docket No. 15) and **DISMISS** this lawsuit for lack of subject matter jurisdiction.

## V.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is

directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 13th day of December, 2012.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE